PER CURIAM.
As a result of her husband’s death in an automobile collision, appellant brought a wrongful death action against Trans World Airlines, Inc. and The Wackenhut Corporation. The case went to trial before a jury and at the close of plaintiff’s evidence, the court directed a verdict in favor of the defendant, Wackenhut. The jury subsequently returned a verdict for Trans World Airlines, Inc. On appeal from the final judgment error is assigned only as to the court’s action in directing a verdict in favor of the defendant Wackenhut.
Trans World had undertaken to construct a 4-inch high concrete island or traffic lane divider, approximately 8 feet long and 2% feet wide, located between the two eastbound lanes of the NASA Causeway in Brevard County at the site of one of the entrance gates. In the west end of the island, which eastbound traffic approached first, Trans World erected an 8-inch steel pipe filled with concrete, extending 3 feet above the surface. The construction was in this stage of completion when appellant’s husband, driving his automobile eastbound on NASA Causeway at 5:30 a. m., collided with the steel pipe thereby causing his death. The Wackenhut Corporation had contracted with Trans World to furnish personnel necessary to provide complete protection of property and facilities and to control entry of persons into areas that were hazardous. The complaint alleged in substance that the defendant Wackenhut had breached its duty to provide adequate safety precautions and warnings to motorists approaching the construction area, which was alleged to be unsafe or hazardous.
We have studied the briefs and the evidence that was before the jury at the close of the plaintiff’s case. We conclude that such evidence, and the inferences reasonably to be drawn therefrom, when viewed most favorably to the plaintiff, furnishes an adequate basis upon which a jury could have found (1) that Wackenhut had a duty to protect drivers against road hazards such as that which caused the death of Mr. Copare, (2) that Wackenhut had negligently failed to perform such duty, and (3) that such negligence was a legal cause of appellant’s damages. We do not mean to imply that the jury would have made such findings, but because it could have, the issue *347 of Wackenhut’s negligence as a legal cause of appellant’s damages was a proper question for the jury and the trial court erred in directing a verdict in favor of such defendant.
The final judgment in favor of The Wackenhut Corporation is reversed and this cause remanded for a new trial as between the plaintiff and the appellee, Wackenhut. Our decision in this case does not require a new trial as to the appellee, Trans World Airlines, Inc., as to whom the judgment is affirmed.
WALDEN and OWEN, JJ., concur.
MAGER, J., dissents, with- opinion.